# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

       **Plaintiff,**

v.                                                                     **Civil Action No. 1:08cv142**
                                                                                  **(Judge Keeley)**

**TERESA WAID, JIM RUBENSTEIN,
ARAMARK FOOD SERVICE CORPORATION,**

       **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil action on July 11, 2008, by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. In the complaint, the plaintiff asserts that Aramark Food Service provides "bad food" to the Huttonsville Correctional Center. Moreover, the plaintiff asserts that Aramark employs unsanitary food practices. The plaintiff asserts that Aramark's food is so bad that even the smell of it makes him sick. As a result, the plaintiff alleges a 30 pound weight loss that has adversely affected his health. The plaintiff further asserts that the defendants have failed to take any corrective action after being apprised of the situation.

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pursuant to § 1915(g), this Court takes judicial notice of case number 1:03cv24 in which this Court previously found that Sayre had filed at least three civil actions which were dismissed as frivolous, malicious or for the failure to state a claim. See Sayre v. Kopp, 1:03cv24 (N.D.W.Va. July 3, 2003) (dckt. 6) at 2 (citing Sayre v. Taylor, 1:99cv158 (N.D.W.Va. Sept. 13, 1999); Sayre v. Crim, 1:99cv155 (N.D.W.Va. Sept. 13, 1999); Sayre v. Godwin, 1:97cv148 (N.D.W.Va. Sept. 8, 1997) (appeal also dismissed as frivolous); and Sayre v. Dyer, 5:92cv137 (N.D.W.Va. Oct. 12, 1994)). Moreover, the Court noted that the plaintiff had also filed numerous complaints in the Southern District of West Virginia that have likewise been dismissed as frivolous, malicious or for the failure to state a claim. Id. (citing Sayre v. MOCC, 5:01cv434 (S.D.W.Va. Oct. 17, 2001)). Accordingly, the plaintiff cannot initiate this civil rights action, or any other, without first paying the $350.00 filing fee or showing that he is under imminent danger of serious physical injury.

With regard to the physical injury requirement, Sayre asserts that the food provided by Aramark has caused him to lose 30 pounds. However, weight loss, in and of itself, is not indicative of a serious physical injury. Moreover, although Sayre asserts that his other physical ailments have been adversely affected by his inability to eat Aramark's food, he provides no evidence of any such physical ailments, any specific serious injury or that the danger from such injury is "imminent."

For the foregoing reasons, Sayre's Motion for Leave to Proceed In Forma Pauperis (dckt. 2) should be **DENIED** and this case **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he

initiates the suit."). Additionally, any pending motions should be terminated as **MOOT** and this case **STRICKEN** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Repot and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to the defendants by regular, first class mail.

DATED: October 22, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE