IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

    **Plaintiff,**

    v.                          CIVIL ACTION NO. 1:08cv142
                                             (Judge Keeley)

**TERESA WAID, JIM RUBENSTEIN,
and ARAMARK FOOD SERVICE CORP,**

    **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On July 11, 2008, pro se plaintiff Kenny Drew Sayre ("Sayre"), at that time an inmate at the Huttonsville Correctional Center ("HCC"), in Huttonsville, West Virginia, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that the food served at HCC makes him sick and has caused him to lose a substantial amount of weight. The case was referred to Magistrate Judge John S. Kaull for an initial screening and a report and recommendation ("R&R") pursuant to Local Rule of Prisoner Procedure 83.02.

On July 22, 2008, the Magistrate Judge granted Sayre's motion to proceed in forma pauperis. On October 20, 2008, Sayre paid an initial partial filing fee. The following day, after having conducted a preliminary review of the case, Magistrate Judge Kaull directed the defendants to submit an Answer to Sayre's complaint.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

After further review of the case, on October 22, 2008 the Magistrate Judge issued an order vacating his earlier orders granting IFP and directing the defendants to answer the complaint. He further directed the financial deputy clerk to refund Sayre's initial partial filing fee payment. As a basis for vacating those orders, the Magistrate Judge noted that, pursuant to the "three-strikes rule" set forth in the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), Sayre is barred from filing any further civil actions unless he first shows that he is in imminent danger of serious physical harm or pays the entire $350.00 filing fee.

On the same day, Magistrate Judge Kaull issued an R&R, in which he recommended that Sayre's motion for leave to proceed in forma pauperis be denied, the Complaint be dismissed without prejudice, all other pending motions be denied as moot, and the case stricken from the Court's docket. Sayre filed timely objections to the R&R, and thus the Court reviews the issues raised in those objections de novo.

## I.  ANALYSIS

In his R&R, Magistrate Judge Kaull concluded that Sayre is in violation of 28 U.S.C. § 1915(g), which prevents inmates from filing civil rights actions in forma pauperis, if they have previously filed three or more cases that were dismissed on the

2

grounds that they were frivolous, malicious, or that they failed to state a claim upon which relief may be granted.  He took judicial notice of the fact that Sayre has filed many such claims, including, but not limited to, Sayre v. Taylor, 1:99cv158 (N.D.W. Va. Sept. 13, 1999), Sayre v. Crim, 1:99cv155 (N.D.W. Va. Sept. 13, 1999), and Sayre v. Godwin, 1:97cv148 (N.D.W. Va. Sept. 8, 1997).

Although Sayre alleges that the food at HCC has caused him to lose thirty pounds, the Magistrate Judge further concluded such an allegation, in and of itself, does not meet the exception to the "three-strikes rule" for imminent danger of serious injury.

In his objections, Sayre responds by alleging that the Magistrate Judge's decision to vacate the earlier order granting him in forma pauperis status indicates that the court may have accepted a "pay-off" to drop the lawsuit.  He further argues that his life is being threatened by an HCC employee and by a fellow inmate.  He also indicates that he has since been moved from HCC to the Northern Correctional Facility in Moundsville, West Virginia, and that the food continues to be very bad.  Sayre does not refute the Magistrate Judge's findings that he has filed well over three prior inmate civil suits, all of which have been dismissed as frivolous, malicious, or for failure to state a claim.

Although Sayre alleges that he is in fear of imminent physical injury from various individuals, these allegations have nothing to do with the underlying Complaint in this case.  To meet the exception to the "three-strikes rule" for imminent danger of serious physical injury, the allegations in the Complaint must relate to the alleged threat.  See Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) (finding that a Court must review the well-pled Complaint to determine imminent danger).  Here it does not.  Moreover, Sayre's allegations regarding the decision to vacate earlier Orders are baseless.

Accordingly, because Sayre is barred from proceeding in forma pauperis in this case as a result of the "three-strikes rule," this Court agrees with the Magistrate Judge's findings in this case, and dismisses it without prejudice.

## II.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R&R in its entirety (dkt. no. 22), **DENIES** Sayre's motion to proceed in forma pauperis (dkt. no. 2), **DISMISSES WITHOUT PREJUDICE** Sayre's § 1983 Complaint, and **DENIES AS MOOT** all other pending motions (dkt. no. 17), and **ORDERS** this case stricken from the Court's docket.

It is so **ORDERED.**

**SAYRE V. WAID, ET AL.**                                         **1:08CV142**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court directs the Clerk to transmit a copy of this Order to counsel of record, and to the <u>pro</u> <u>se</u> plaintiff, certified mail, return receipt requested.

DATED: February 2, 2009.


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED  STATES  DISTRICT  JUDGE